In the Matter of Roy M. D. Richardson et al., Petitioners-Respondents. Abe Stark, as President of the City Council of the City of New York, et al., Appellants, et al., Respondents, and Thomas J. Rhatigan, Intervener-Appellant.

Second Department, June 24, 1954.

*Adrian P. Burke, Corporation Counsel* (*W. Bernard Richland, Seymour B. Quel, Bernard Friedlander* and *Blossom G. Saxe* of counsel), for appellants.

*George Rosling* for intervener-appellant.

*Charles H. Tuttle, Carmine A. Ventiera, John R. Bartels* and *Roy M. D. Richardson,* in person, for Roy M. D. Richardson and others, petitioners-respondents.

*Per Curiam.* The proceeding, which is limited to the third, fourth, fifth and seventeenth assembly districts of Kings County, seeks to void the resolution of the city council, which establishes such assembly districts, on the ground that the apportionment which was approved by the resolution is unconstitutional.

The petition alleges that the districts are not convenient, compact, or contiguous, and that it would have been possible to divide the senate districts into assembly districts which would be convenient, compact, and contiguous, and substantially equal in population.

The answer of the respondents-appellants, who represent the city council and the board of apportionment, sets forth denials of the allegations of the petition and affirmative defenses to the effect that the districts meet the constitutional requirements, that the districts are not as irregular in their outlines as are many pre-existing districts, and that the petitioners have been guilty of laches. The answer also sets forth two partial defenses. The respondents-appellants submitted affidavits in support of the factual allegations of their answer, together with documentary evidence. The affidavits and documents set forth that the districts were laid out on considerations of equality of citizen inhabitants, convenience, contiguity of territory, and compactness.

An additional answer was interposed by the intervener-respondent-appellant, setting forth denials of material allegations of the petition.

At Special Term the proceeding was decided upon the papers which have been referred to above. Three of the four assembly districts in suit have been severally characterized as being in the shapes of a dumbbell, an inverted J, and an automatic pistol. It was held solely on the fact of such irregular shapes that the apportionment made by the council of the challenged districts is contrary to the express and restraining provisions of the section of the Constitution (Art. III, § 5). An order was made declaring the resolution of the city council void, restraining the

council from certifying the said apportionment of the districts, the directing the board of elections of the City of New York to treat the said resolution of the city council as void and of no effect. The remainder of the application, which was to direct the members of the city council to reconvene and adopt a legal and proper division of the County of Kings into assembly districts, was denied.

The parties representing the city council and the board of apportionment, and the intervener, appeal from the affirmative portions of the order.

It was conceded by petitioners on the argument in this court that the districts as laid out are not in conflict with the constitutional requirement for substantial equality of citizen population in the districts. We hold that the mere fact that the districts are of irregular shapes is insufficient to support a finding that the districts were not laid out as directed by the Constitution. The decision at Special Term was made solely on that ground.

The petitioners abandoned any effort to show that any other division would have satisfied or more nearly satisfied the constitutional provision. If it be assumed that the respondents-appellants had the burden of establishing the validity of their districting, the burden has been carried by the affidavits and documents, which are uncontradicted, and which indicate the considerations which led to the results obtained. On the state of the record no triable issue exists; and the proceeding should have been dismissed.

Furthermore, the constitutionality of the apportionment cannot be determined merely by the shape of the affected districts as they appear on a map. Other relevant and material factors include pre-existing lines, topography, means of transportation (*Matter of Dowling,* 219 N. Y. 44, 58) and pre-existing associations (*Matter of Smith* v. *Board of Supervisors,* 148 N. Y. 187), to be considered in conjunction with the manner in which the districts are apportioned so as to be " as nearly equal in number of inhabitants, excluding aliens, as may be " (N. Y. Const., art. III, § 5).

The order, insofar as appeal is taken, should be reversed on the law, without costs, and the proceeding should be dismissed. The informal findings of fact should be affirmed.

ADEL, Acting P. J., WENZEL and MURPHY, JJ., concur; MACCRATE and BELDOCK, JJ., dissent and vote to affirm, with the following memorandum: In view of the population of the territory involved — of which we take judicial notice — the districts

as here laid out are not compact and contiguous, as required by the Constitution. (*Matter of Sherrill* v. *O'Brien,* 188 N. Y. 185.)

Order, insofar as appeal is taken, reversed on the law, without costs, and proceeding dismissed. Informal findings of fact are affirmed.